FILED by RB D.C.
ELECTRONIC
September 10, 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

07-80829-CiV-Ryskamp/Vitunac

DONALD HAMM,
ELLIOT COOK,
RONALD SIMMS,
MARK WAGNER, and
MARTHA HARRIS,
individually and on behalf
persons similarly situated,

    Plaintiffs,

v.

TBC CORPORATION,
a Delaware corporation, and
TIRE KINGDOM, INC.,
a Florida corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, DONALD HAMM, ELLIOT COOK, RONALD SIMMS, MARK WAGNER and MARTHA HARRIS, (hereinafter collectively referred to as "Plaintiffs"), on behalf of themselves individually and others similarly situated, hereby allege the following causes of action:

1. All Plaintiffs bring this collective action for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* on behalf of

themselves and on behalf of other, similarly situated, current and former employees of Defendant, TBC CORPORATION, and its retail divisions, however constituted, including but not limited to the retail divisions of TIRE KINGDOM, INC. (TBC CORPORATION and all such retail divisions, including but not limited to TIRE KINGDOM, INC., are to be referred to herein collectively as "Tire Kingdom" or the "Tire Kingdom Entities").

2. Plaintiff, DONALD HAMM was an employee of Defendant, TBC CORPORATION, a foreign corporation, as part of its Tire Kingdom division, also known as Defendant, TIRE KINGDOM, INC., a Florida corporation; and TIRE KINGDOM, INC. was also an employer of this Plaintiff, all as further alleged in Paragraph No. 10 herein. At times material hereto, Plaintiff, DONALD HAMM, performed a substantial part of his work duties in **Broward County, Florida** within the jurisdiction of this Court.

3. Plaintiff, ELLIOT COOK, was an employee of Defendant, TBC CORPORATION, a foreign corporation, as part of its Tire Kingdom division, also known as Defendant, TIRE KINGDOM, INC., a Florida corporation; and TIRE KINGDOM, INC. was also an employer of this Plaintiff, all as further alleged in Paragraph No. 10 herein. Plaintiff, ELLIOT COOK, performed a substantial part of his work duties in **Tallahassee, Leon County, Florida**, and in **Tampa, Hillsborough County, Florida**.

4. Plaintiff, RONALD SIMMS, was an employee of Defendant, TBC CORPORATION, a foreign corporation, as part of its Tire Kingdom division, also known as

Defendant, TIRE KINGDOM, INC., a Florida corporation; and TIRE KINGDOM, INC. was also an employer of this Plaintiff, all as further alleged in Paragraph No. 10 herein. Plaintiff, RONALD SIMMS, performed a substantial part of his work duties in **Palm Coast, Flagler, Florida**.

5. Plaintiff, MARK WAGNER, was an employee of Defendant, TBC CORPORATION, a foreign corporation, as part of its National Tire & Battery division, also known as Defendant, TIRE KINGDOM, INC., a Florida corporation; and TIRE KINGDOM, INC. was also an employer of this Plaintiff, all as further alleged in Paragraph No. 10 herein. Plaintiff, MARK WAGNER, performed a substantial part of his work duties in **Harrisburg, Pennsylvania**.

6. Plaintiff, MARTHA HARRIS, was an employee of Defendant, TBC CORPORATION, a foreign corporation, as part of its National Tire & Battery division, also known as Defendant, TIRE KINGDOM, INC., a Florida corporation; and TIRE KINGDOM, INC. was also an employer of this Plaintiff, all as further alleged in Paragraph No. 10 herein. Plaintiff, MARTHA HARRIS, performed a substantial part of her work duties in **Georgia**.

7. Defendant, TBC CORPORATION, is a Delaware corporation, and is among the nation's leading retailers and distributors of tires and related automotive services. It serves customers throughout the United States under various trade names and through

various divisions, however constituted. TBC CORPORATION was a publicly traded company for more than two decades until some point in 2005 when it became a wholly owned subsidiary of Sumitomo Corporation of America, which in turn is a wholly-owned subsidiary of Tokyo-based Sumitomo Corporation. TBC CORPORATION's retail operations include company-operated retail centers under the "Tire Kingdom," "Merchant's Tire & Auto Centers," "Merchant's Tire," "NTB," and "National Tire & Battery" brands.

8. Defendant, TIRE KINGDOM, INC., a putative Florida corporation, comprises or operates one or more divisions of, and purports to be a wholly owned subsidiary of, TBC CORPORATION. TIRE KINGDOM, INC. does business under the trade name of "Tire Kingdom," among other trade names and marks. TIRE KINGDOM, INC. also does business under the names "National Tire & Battery," "NTB," Merchant's Tire & Auto Centers," and "Merchant' Tire." It owns the mark "NTB Tires in an Hour or Less." It also owns the mark "Merchant's Tire Tires in an Hour or Less."

9. Each Plaintiff worked as non-exempt hourly worker performing tire technician, tire sales and related services or functions at retail location(s) of Tire Kingdom, in the respective division or divisional territory(ies) within which each Plaintiff worked, all for and in furtherance of the business of Tire Kingdom, as further alleged in Paragraph No. 10 herein.

10. Defendant, TBC CORPORATION, in conjunction with its respective divisions for the retail location(s) at issue, however such divisions are constituted, including but not limited to TIRE KINGDOM, INC., directly or indirectly acted in the interest of an employer toward Plaintiffs and other similarly situated non-exempt hourly workers at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiffs and others similarly situated. Alternately, Defendant, TBC CORPORATION, and each of its respective divisions, however constituted, are joint employers of Plaintiffs and other similarly situated non-exempt hourly workers in their respective divisional territory or territories because each, respective division acts directly or indirectly in the interest of TBC CORPORATION in relation to such Plaintiffs and such similarly situated persons. As a further alternative, Defendant, TBC CORPORATION, and each of its divisions, however constituted and as applicable to the retail location(s) at issue, are joint employers of the Plaintiffs and similarly situated non-exempt hourly workers in their respective divisional territories because the divisions of TBC CORPORATION, are controlled by or under the common control of TBC CORPORATION as to the terms of compensation and employment of Plaintiffs and others similarly situated, and are not completely disassociated with respect to the terms of compensation and employment of Plaintiffs and others similarly situated. As a final alternative, Defendant, TIRE KINGDOM, INC. directly or indirectly acted in the interest of

an employer toward Plaintiffs and other similarly situated non-exempt hourly workers at "National Tire & Battery," "NTB," Merchant's Tire & Auto Centers," and "Merchant' Tire" retail locations at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiffs and others similarly situated.

### Collective Action Allegations

11.  This collective action includes all employees similarly situated to Plaintiffs, including all non-exempt hourly workers in Defendants' retail locations, however titled, performing tire technician, tire sales and related services at any location or facility of every division of TBC CORPORATION, however constituted, throughout the United States, including but not limited to the division(s) constituted under TIRE KINGDOM, INC., NTW INCORPORATED and MERCHANT'S, INC., who worked in excess of forty (40) hours ("overtime hours") per workweek in one or more workweeks on or after September 10, 2004, and who did not receive their overtime rate of pay for all of their overtime hours within such workweeks (the "asserted class").

12.  The material time for the claims under the FLSA in this case is the **three-year period** prior to the date of each Plaintiff's or similarly situated person's joinder or opting into this action.

13. The activities of Plaintiffs and other similarly situated in the course of employment with TBC CORPORATION and its respective divisions, however, constituted, including but not limited to the division(s) constituted under TIRE KINGDOM, INC., were directed primarily toward tire sales and services.

14. At all times material hereto, Plaintiffs and all the similarly situated current and former employees were performing their duties for the benefit of and on behalf of Defendant, TBC CORPORATION, and its divisions, however constituted, including but not limited to the division(s) constituted under TIRE KINGDOM, INC.

15. Plaintiffs and the other similarly situated employees regularly worked overtime hours, including but not limited to being subject to a practice or policy of each of the Defendants of deducting time from hours worked, including but not limited to lunch breaks or other breaks that were not in fact bona fide breaks.

16. At all times material to this Complaint, Defendant, TBC CORPORATION, and its divisions, however constituted, including but not limited to the division(s) constituted under TIRE KINGDOM, INC., failed to comply with the FLSA in that Plaintiffs and those similarly situated to Plaintiffs performed services for Tire Kingdom for which no provision was made by Tire Kingdom to pay Plaintiffs and similarly situated persons properly for all overtime hours – that is, all of the hours worked in excess of forty (40) -- within a workweek, including but not limited to deducted breaks that were not bona fide.

17. Plaintiffs and those similarly situated were entitled to an overtime rate of pay equal to time and one-half wages for overtime hours worked (the "overtime rate of pay').

18. In the course of employment with Tire Kingdom, the Plaintiffs and the other current and former employees similarly situated were not paid their overtime rate of pay for all overtime hours worked.

19. There are estimated to be several thousand current and former employees within the asserted class for this collective action during the material time are similarly situated to Plaintiffs. With such numbers of similar claims for unpaid overtime compensation, a collective action is a superior procedure for adjudicating such claims. Plaintiffs request that the Court authorize and supervise notice to the members of the asserted class so that all claims may be resolved efficiently in a single proceeding.

20. The records, if any, should be in the custody or control of Tire Kingdom concerning the members of the asserted class, the number of hours actually worked by Plaintiffs and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

### Further Jurisdictional Allegations

21. Venue is proper. The Court has jurisdiction over the Defendants, and in regard to each Plaintiff joining this lawsuit.

22. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendants were each an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in 29 U.S.C. §203(r) and 203(s). The annual gross sales volume of each Defendant was in excess of $500,000.00 per annum.

### Damages, Liquidated Damages, and Other Relief

23. Plaintiffs have retained the Shavitz Law Group, P.A. to represent them, and Plaintiffs have incurred, and will continue to incur, attorney's fees and costs accordingly, which are a proper part of the relief sought in this action.

24. Plaintiffs and those similarly situated seek to recover relief from Defendants that includes, but is not limited to, overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of the FLSA.

### COUNT I -- RECOVERY OF OVERTIME COMPENSATION

25. Plaintiffs readopt and reallege here all allegations contained in Paragraphs 1 through 24 above.

26. Plaintiffs are each entitled to be paid their overtime rate of pay for each hour worked in excess of forty (40) hours per work week.

27. All similarly situated employees are likewise owed their respective overtime rate of pay for each overtime hour they worked and were not properly paid.

28. Tire Kingdom's actions were intentional, willful and unlawful.

29. By reason of the said intentional, willful and unlawful acts of Tire Kingdom, all Plaintiffs (Plaintiffs and those similarly situated to them) have suffered, and those still employed continue to suffer, damages plus incurring costs and attorney's fees in bringing this action.

30. As a result of Tire Kingdom's willful violation of the FLSA, all Plaintiffs (Plaintiffs and those similarly situated to them) are entitled to liquidated damages.

31. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiffs and those similarly situated to them who have or will opt into this action, demand judgment against Defendant, TBC CORPORATION, and judgment against the divisions of TBC CORPORATION joined to this action for their respective shares of such liability, including but not limited to TIRE KINGDOM, INC., for all damages, including without limitation the payment of all overtime hours at the respective overtime rates of pay due Plaintiffs and those similarly situated for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorney's fees, costs of suit, prejudgment interest, and all other available relief.

Dated: September 10th, 2007
Boca Raton, Florida

Respectfully submitted,

*Hal B. Anderson*

Gregg I. Shavitz
Florida Bar No. 11398
E-mail: gshavitz@shavitzlaw.com
Hal B. Anderson
Florida Bar No. 93051
E-mail:hal.anderson@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy., Suite 404
Boca Raton, Florida 33432
Telephone: 561-447-8888
Facsimile: 561-447-8831
Attorneys for Plaintiffs

%JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
DONALD HAMM, individually, et al. and on behalf of person similarly situated,

**(b)** County of Residence of First Listed Plaintiff   Palm Beach County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
SHAVITZ LAW GROUP, P.A., 1515 South Federal Highway, Suite 404, Boca Raton, FL 33432, (561) 447-8888

### DEFENDANTS
TBC CORPORATION, a Delaware corporation, and TIRE KINGDOM, INC., a Florida corporation,

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☒ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

07CV80829 KLR/AEV

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Exc. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO
b) Related Cases ☒ YES ☐ NO
JUDGE _____
DOCKET NUMBER 07-80372-Ryskamp/Vitunac

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity)
29 USC 216(b) Action For Unpaid Overtime Wages

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE September 7, 2007

FOR OFFICE USE ONLY
AMOUNT   RECEIPT #   IFP

123173