**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

Case No.: 07-CV-80829-RYSKAMP/VITUNAC

DONALD HAMM, et al.,

      Plaintiffs,

v.

TBC CORPORATION, a
Delaware corporation, et al.,

      Defendants.
_____/

**ORDER**

**THIS CAUSE** comes before the Court upon the parties' notice of settlement **[DE 197]** filed on December 1, 2009 and the parties' joint motion for entry of order approving settlement and dismissing plaintiffs' claims **[DE 202]** filed on January 19, 2010. The joint motion divides the plaintiffs into two categories: those who have agreed to the settlement and those who have not responded to the settlement proposals. The parties seek the Court's approval of the settlement amounts for those who have agreed to the proposed amounts as fair and reasonable. The parties also seek an order allowing the non-responders a limited amount of time within which to indicate their intention to agree to the amounts listed in the joint motion. In the event that the parties do not come forward, the parties request that the claims of those parties be dismissed without prejudice.

When a private action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). After careful consideration of the proposed settlement agreement and stipulation, the Court finds

that it represents a fair and reasonable resolution of a *bona fide* FLSA suit as to the responding parties. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353. The responding parties listed in paragraph three of the parties' joint motion shall have thirty day from the date of this order to execute and return the settlement agreement to the parties. Any responder who does not return an executed settlement agreement within the time restrictions stated herein shall have his or her claims dismissed without prejudice. Upon the expiration of the thirty day time period, the parties shall move for an order of dismissal with prejudice of the claims of those parties who have executed the settlement agreement. The parties shall also move for an order of dismissal without prejudice of the claims of those parties who failed to return an executed settlement agreement.

As for the non-responding parties, the Court notes that the parties' suggested deadline in paragraph five of the joint motion has already passed. It appears clear that the deadline stated in paragraph five regarding the non-responding parties was the product of negotiations between the parties. Because the deadline is in the past and the Court declines to establish a new deadline without input from the parties, the Court orders the parties to confer on a new suggested deadline for the non-responders to come forward. The parties will file a motion regarding the procedure for the non-responding parties within seven days from the date of this order.

Finally, the Court notes that several motions have pending in this case for two years or longer. Given the parties indication that they have settled the above-styled cause of action, the Court finds it prudent to deny all pending motions as moot and without prejudice. It is hereby

**ORDERED AND ADJUDGED** that

(1) The parties' Joint Motion for Entry of Order Approving Settlement and Dismissing Plaintiffs' Claims **[DE 202]** is **GRANTED IN PART AND DENIED IN PART** as discussed above;

(2) Plaintiff's Motion to Authorize Notice to Potential Class Members **[DE 46]** is **DENIED WITHOUT PREJUDICE** as **MOOT**;

(3) Plaintiff's Motion to Compel Identification of Co-Worker Witnesses **[DE 61]** is **DENIED WITHOUT PREJUDICE** as **MOOT**;

(4) Motion to Strike Declarations Filed by Plaintiff's in Support of Their Motion to Authorize Notice to Potential Class Members **[DE 69]** is **DENIED WITHOUT PREJUDICE** as **MOOT**;

(5) Plaintiff's Motion for Protective Order to Enjoin Defendants' Misleading Communications with Represented Plaintiff Laborers Regarding their Legal Rights and these Proceedings **[DE 77]** is **DENIED WITHOUT PREJUDICE** as **MOOT**; and

(6) Defendant's Motion for *In Camera* Inspection **[DE 195]** is **DENIED WITHOUT PREJUDICE** as **MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 5 day of February, 2010.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE